GREGORY G. ISKANDER, Bar No. 200215
giskander@littler.com
YESENIA GARCIA PEREZ, Bar No. 264880
ygarciaperez@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone:   925.932.2468
Fax No.:       925.946.9809

Attorneys for Defendant
REPUBLIC SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON HOKOANA,<br><br>              Plaintiff,<br><br>   v.<br><br>REPUBLIC SERVICES, INC. and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446 (diversity)]**<br><br>Complaint filed: November 2, 2021<br><br>(Alameda County Superior Court Case No.: 21CV001519) |

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

CASE NO.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | STATEMENT OF JURISDICTION | 1 |
| II. | STATUS OF PLEADINGS, PROCESS AND ORDERS | 1 |
| III. | VENUE | 2 |
| IV. | TIMELINESS OF REMOVAL AND NOTICE | 2 |
| V. | DIVERSITY JURISDICTION | 2 |
| | A. PLAINTIFF IS A CITIZEN OF CALIFORNIA. | 3 |
| | B. DEFENDANT IS NOT A CITIZEN OF CALIFORNIA. | 3 |
| | C. CITIZENSHIP OF DOE DEFENDANTS SHOULD BE DISREGARDED. | 4 |
| VI. | THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 | 4 |
| | A. LOST WAGES AND BENEFITS | 4 |
| | B. EMOTIONAL DISTRESS DAMAGES | 6 |
| | C. PUNITIVE DAMAGES | 6 |
| | D. PLAINTIFF SEEKS OPEN ENDED RELIEF | 7 |
| | E. ATTORNEY'S FEES | 8 |
| VII. | NOTICE TO COURT AND PARTIES | 9 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

1

CASE NO.

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akers v. County of San Diego*,
    95 Cal. App.4th 1441 (2002) ..................................................................................................8

*Aucina v. Amoco Oil*, Co.,
    871 F. Supp. 332 (S.D. Iowa 1994) .........................................................................................7

*Boyle v. Lorimar Productions, Inc.*,
    13 F.3d 1357 (9th Cir. 1994) ...................................................................................................7

*Brady v. Mercedes-Benz USA, Inc.*,
    243 F. Supp. 2d 1004 (N.D. Cal. 2002) ................................................................................7, 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    574 U.S. 81 (2014) ..................................................................................................................4

*Davenport v. Mutual Benefit Health and Accident Ass'n*,
    325 F.2d 785 (9th Cir. 1963) ...................................................................................................7

*Flannery v. Prentice*,
    26 Cal. 4th 572 (2001) ............................................................................................................8

*Galt G/S v. JSS Scandinavia*,
    142 F. 3d 1150 (9th Cir. 1998) ................................................................................................8

*Hackmon v. City of Los Angeles*,
    2001 WL 1860540 ...................................................................................................................8

*Hertz Corp. v. Friend*,
    599 U.S. 77 (2010) ..............................................................................................................3, 4

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ...................................................................................................3

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002) .....................................................................................4

*Kohn v. County of Los Angeles*,
    2001 WL 1720226 ...................................................................................................................8

*Kroske v. US Bank Corp.*
    432 F.3d 976 (9th Cir. 2005) ...................................................................................................6

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

2

CASE NO.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986) ................................................................................................3

*Lewis v. Exxon Mobil Corp.*,
   348 F. Supp. 2d 932 (W.D. Tenn. 2004) ...............................................................................7

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ................................................................................................4

*Rabaga-Alvarez v. Dart Indus., Inc.*,
   55 Cal. App. 3d 91 (1976) ....................................................................................................5

*Simmons v. PCR Tech.*,
   209 F. Supp. 2d 1029 (N.D. Cal. 2002) .............................................................................6, 7

*State Farm Mutual Auto Ins. Co. v. Campbell*,
   538 U.S. 408 (2003) ..............................................................................................................7

*Velez v. Roche*,
   335 F. Supp. 2d 1022 (N.D. Cal. 2004) ................................................................................6

*Wise v. S. Pac. Co.*
   1 Cal. 3d 600 (1970) .............................................................................................................5

**Statutes**

28 U.S.C. § 84(a) ...........................................................................................................................2

28 U.S.C. § 1332 ............................................................................................................................1

28 U.S.C. § 1332(a) ...................................................................................................................1, 3

28 U.S.C. § 1332(a)(1) ...................................................................................................................2

28 U.S.C. § 1332(c)(1) ...............................................................................................................3, 4

28 U.S.C. §1441(a) .........................................................................................................................8

28 U.S.C. § 1441(b) .......................................................................................................................1

28 U.S.C. § 1446(a) .......................................................................................................................2

28 U.S.C. § 1446(b) .......................................................................................................................2

28 U.S.C. § 1446(c) .......................................................................................................................2

Cal. Civil Code § 2394 ...................................................................................................................6

Cal. Civil Code § 3294(a) ..............................................................................................................7

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT — 3 — CASE NO.

**Other Authorities**

Civil Loca Rule 3-2 ................................................................................................................. 2

Fed. R. Civ. P. 6(a)(1)(c) ........................................................................................................ 2

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant REPUBLIC SERVICES, INC. ("Defendant" or "Republic") hereby removes the matter of *Allison Hokoana v. REPUBLIC SERVICES, INC., et al.*, pending before the Superior Court of the State of California for the County of Alameda, Case No. 21CV001519, to the United States District Court for the Northern District of California. Removal is proper based on diversity of citizenship between the parties.

In support of its Notice of Removal to Federal Court, Defendant states the following:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a), and this action may be removed to this Court pursuant to 28 U.S.C. section 1441(b) because Plaintiff Allison Hokoana ("Plaintiff") is a citizen of the State of California and Defendant was, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business in Arizona where its corporate headquarters, including its offices, directors and other executives, are located. (*See* Declaration of Lisa Martinez-Ronan In Support Of Defendant's Notice Of Removal To Federal Court ("Martinez-Ronan Decl.") ¶ 4). The amount in controversy in this action exceeds $75,000.00.

## II. STATUS OF PLEADINGS, PROCESS AND ORDERS

2. On November 2, 2021, Plaintiff commenced the action, entitled Allison Hokoana v. Republic Services, Inc.;[1] and DOES 1 through 10, in the Superior Court of the State of California, County of Alameda, designated as Case No. 21CV001519. (Declaration of Yesenia Garcia Perez In Support of Defendant's Notice of Removal To Federal Court ("Garcia Perez Decl.") ¶ 2, Ex. A (Complaint)).

3. On December 16, 2021, Plaintiff purported to serve Defendant with the Summons and Complaint. (Garcia Perez Decl. ¶ 2, Ex. A).

---

[1] Defendant maintains that Plaintiff never worked for Republic Services, Inc., and has sued the wrong defendant.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    1    CASE NO.

4.     On January 12, 2022, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California, Alameda County. (Garcia Perez Decl. ¶ 3, Ex. B).

5.     Pursuant to 28 U.S.C. § 1446(a), the attached Exhibits A through B constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action. (Garcia Perez Decl. ¶¶ 2-5). To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed and served by any party in the Superior Court of California, County of Alameda for this matter. (Garcia Perez Decl. ¶¶ 4-5). To Defendant's knowledge, no proceedings related hereto have been heard in the Superior Court of the State of California, County of Alameda. (Garcia Perez Decl. ¶ 5).

**III.   VENUE**

6.     The action was filed in the Superior Court of California, County of Alameda. Accordingly, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441 and 1446. Pursuant to Civil L.R. 3-2(d), because this case was filed in the Superior Court of Alameda, this case should be assigned to either the San Francisco or Oakland Division.

**IV.   TIMELINESS OF REMOVAL AND NOTICE**

7.     An action may be removed from state court by filing a notice of removal together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served her Complaint on Defendant on December 16, 2021. (*See* Garcia Perez Decl. ¶ 2). Therefore, Defendant can remove this action up to and including January 18, 2022. *See* Fed. R. Civ. P. 6(a)(1)(c).

8.     This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one year of the date the action was originally filed on November 2, 2021. 28 U.S.C. § 1446(c).

**V.   DIVERSITY JURISDICTION**

9.     This Court has original jurisdiction over this civil suit pursuant to diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332(a)(1). In defining diversity of citizenship jurisdiction,

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    2    CASE NO.

Section 1332(a) provides:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) Citizens of different states . . .

### A. Plaintiff is a Citizen of California.

10. Citizenship of a natural person is established by domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is established by physical presence and an intent to remain indefinitely. *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Allegations of residency in a state court complaint can support a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

11. In her Complaint, Plaintiff alleges residency in California. (Garcia Perez Decl. ¶ 2, Ex. A, ¶ 2) (Plaintiff "is, and at all material times was, a resident of San Joaquin County, California."). Accordingly, Plaintiff is a citizen of the State of California for purposes of diversity jurisdiction analysis.

### B. Defendant is not a Citizen of California.

12. Defendant is a corporation organized under the laws of the state of Delaware. (Martinez-Ronan Decl. ¶ 4). Defendant has its principal place of business in Phoenix, Arizona. (Martinez-Ronan Decl. ¶ 4). The "principal place of business" for purposes of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *See Hertz Corp. v. Friend*, 599, U.S. 77, 130 Sup. Ct. 1181, 1192 (2010). Defendant's operational headquarters are located in Phoenix, Arizona and its officers direct, control and coordinate its activities from Arizona. (Martinez-Ronan Decl. ¶ 4). Further, for diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, Defendant is a citizen of the State of Delaware, where it is incorporated, and a citizen of Arizona, where it has its principal place of

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    3    CASE NO.

business. *See Hertz Corp. v. Friend*, 599, U.S. 77, 80-81, 92-93 (2010). Thus, Defendant is not a citizen of the State of California. 28 U.S.C. § 1332(c)(1).

### C. Citizenship of DOE Defendants Should Be Disregarded.

13. There are no other identified defendants. Defendants "Does 1 through 10" are wholly fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

14. Accordingly, after disregarding the non-served Doe defendants, and given that Plaintiff is a citizen of California and Defendant is not a citizen of California, diversity of citizenship exists in this case.

## VI. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidentiary showing is only required "when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

16. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Id*.

17. By demonstrating that the actual amount in controversy exceeds the $75,000.00 threshold, Defendant does not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

### A. Lost Wages and Benefits

18. Plaintiff alleges she was assigned to work at Defendant starting on or about February 15, 2016 as an Operations Supervisor (Garcia Perez Decl. ¶ 2, Ex. A (Complaint ¶ 8).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT       4       CASE NO.

Plaintiff further alleges that her last day of employment was on or about March 2, 2021. (Garcia Perez Decl., ¶ 2, Ex. A (Complaint ¶ 8).

19. Plaintiff's Complaint includes six causes of action arising out of her employment. She alleges that, as a result of Defendant's actions, she has "suffered damages in the form of past and future wage loss, other pecuniary losses, and emotional distress", has "sustained economic damage, including, but not limited to, unpaid wages and lost interest", and requests "[c]ompensatory damages, including but not limited to wages, earnings, and other compensation… and interest on these amounts", "attorneys' fees and costs", and "punitive damages". (Garcia Perez Decl., ¶ 2, Ex. A (Complaint ¶ 30, 41, 46, 55, 62, 69; Prayer for Relief ¶ 1, 4-6)). If Plaintiff prevails on her claims, she could recover the amount that she would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California Jury Instructions ("CACI") No. 2433 (2012); *James v. Childtime Childcare*, Inc., No. S-06-2676, 2007 U.S. Dist. LEXIS 43753, *4 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages."); *Wise v. S. Pac. Co*. 1 Cal. 3d 600, 607 (1970).

20. At the time her employment ended with Republic's subsidiary, Plaintiff was earning a salary of $1,545.02 per week. (Martinez-Ronan Decl. ¶ 3). Plaintiff alleges her employment was terminated on March 2, 2021. If she were to recover back wages from March 2, 2021 to the present, she could potentially recover back wages totaling approximately **$69,525.90** ($1,545.02 per week x 45 weeks). Moreover, if this case proceeds to trial on November 2, 2022, one year from when it was filed, and Plaintiff remains unemployed, she may be seeking a total of about 87 weeks of lost wages, or approximately $**134,416.74** ($1,545.02 per week x 87 weeks).

21. In addition, front pay awards in California frequently span a number of years. *Rabaga-Alvarez v. Dart Indus., Inc*., 55 Cal. App. 3d 91, 92 (1976) (four years front pay award). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional **$241,023.12** ($1,545.02 per week x 52 weeks per year x 3 years) plus any bonuses and benefits. Thus, it may reasonably be estimated that Plaintiff's claims involve claims of back pay and front pay in an alleged amount well in excess of the threshold $75,000.00.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT — 5 — CASE NO.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

### B. Emotional Distress Damages

22. In addition to economic damages, Plaintiff seeks recovery of non-economic damages in connection with Defendant's alleged unlawful conduct for "emotional distress." (Garcia Perez Decl., ¶ 2, Ex. A (Complaint ¶ 30, 41, 55)). Emotional distress damages may be considered in calculating the amount in controversy even if such damages are not clearly pleaded in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

23. An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

24. Further, in *Kroske v. US Bank Corp*. 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$25,000.00** to the amount in controversy.

### C. Punitive Damages

25. Plaintiff also seeks punitive damages. (Garcia Perez Decl., ¶ 2, Ex. A (Complaint; Prayer for Relief ¶ 5)). Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." CAL. CIV. CODE § 2394(a).

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT      6      CASE NO.

26. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, supra, 243 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, supra, 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil*, Co., 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum.

### D. Plaintiff Seeks Open Ended Relief

27. Plaintiff also seeks open-ended relief for "such other and further relief as this Court deems just and proper." (Garcia Perez Decl., ¶ 2, Ex. A (Complaint; Prayer for Relief ¶ 7)). Although uncertain in amount, these additional damage claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp*., 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000.)

///

///

### E. Attorney's Fees

28. Plaintiff's Complaint also includes a claim for attorney's fees for her FEHA claims. (Garcia Perez Decl., ¶ 2, Ex. A (Complaint ¶ 31, 42, 56, Prayer for Relief ¶ 4).

29. Attorneys' fees recoverable by statute are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount of controversy where potentially recoverable by statute). Courts may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail on her claims. *Id.* at 1155–56; *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (where an underlying statute authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy).

30. Attorneys' fees awards in employment matters often exceed $75,000.00. *See, e.g., Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $891,042); *Akers v. County of San Diego*, 95 Cal. App.4th 1441 (2002) (lower court awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and discrimination case); *Hackmon v. City of Los Angeles*, 2001 WL 1860540 (Cal. Sup. Ct.) ($114,484 attorneys' fees awarded in discrimination case brought under the FEHA); *Kohn v. County of Los Angeles*, 2001 WL 1720226 (awarding $161,700 in attorneys' fees in FEHA discrimination case). In this case, attorneys' fees alone could easily reach or exceed $75,000.00 given that Plaintiff's FEHA claims entitle her to an attorney's fees award.

31. In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs. Accordingly, Defendant has carried the burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum. This Court, therefore, has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT     8     CASE NO.

## VII. NOTICE TO COURT AND PARTIES

32. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Alameda.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated: January 14, 2022

LITTLER MENDELSON, P.C.

/s/ YESENIA GARCIA PEREZ
GREGORY G. ISKANDER
YESENIA GARCIA PEREZ

Attorneys for Defendant
REPUBLIC SERVICES, INC.

4866-1651-4057.2 / 068119-2305

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT      9      CASE NO.