GREGORY G. ISKANDER, Bar No. 200215
giskander@littler.com
YESENIA GARCIA PEREZ, Bar No. 264880
ygarciaperez@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone:    925.932.2468
Fax No.:       925.946.9809

Attorneys for Defendant
REPUBLIC SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON HOKOANA,<br><br>                    Plaintiff,<br><br>          v.<br><br>REPUBLIC SERVICES, INC. and DOES 1-10,<br>inclusive,<br><br>                    Defendants. | Case No.<br><br>**DECLARATION OF YESENIA GARCIA PEREZ IN SUPPORT OF DEFENDANT REPUBLIC SERVICES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL**<br><br>Complaint filed: November 2, 2021<br>(Alameda County Superior Court Case No.: 21CV001519) |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DECLARATION OF YESENIA GARCIA
PEREZ ISO DEFENDANT REPUBLIC
SERVICES, INC.'S NOTICE TO FEDERAL
COURT OF REMOVAL

CASE NO.

## DECLARATION OF YESENIA GARCIA PEREZ

I, Yesenia Garcia Perez, hereby declare and state as follows:

1.      I am an attorney with the law firm of Littler Mendelson, a Professional Corporation, counsel for Defendant REPUBLIC SERVICES, INC.  ("Defendant") in the above-entitled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Northern District and am one of the attorneys responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.      On December 16, 2021, Plaintiff purported to serve REPUBLIC SERVICES, INC. with the Summons and Complaint in the matter of *ALLISON HOKOANA v. REPUBLIC SERVICES, INC., et al*., pending before the Superior Court of the State of California for the County of Alameda, designated as Case No. 21CV001519 (the "Complaint").  Attached hereto as **Exhibit A** are true and correct copies of all papers served on REPUBLIC SERVICES, INC.

3.      Defendant REPUBLIC SERVICES, INC.  filed an Answer and Affirmative Defenses to Plaintiff's Complaint in the Superior Court of the State of California, Alameda County, on January 12, 2022.  A true and correct copy of Defendant's Answer and Affirmative Defenses is attached hereto as **Exhibit B**. Defendant's Notice to State Court of Removal will be filed no later than January 14, 2022 in the Superior Court of California, County of Alameda upon receipt of the federal file stamped pleadings.

4.      As of today, I am not aware of any other parties that have been named or validly served with the Summons and Complaint in this matter.

5.      Other than the court proceedings and documents attached hereto, I am not aware of any further proceedings or filings regarding this case in Alameda County Superior Court.

///

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DECLARATION OF YESENIA GARCIA
PEREZ ISO DEFENDANT REPUBLIC
SERVICES, INC.'S NOTICE TO FEDERAL
COURT OF REMOVAL

2

CASE NO.

1    Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the

2    United States, that the foregoing is true and correct, and that this declaration was executed

3    January 14, 2022 in Walnut Creek, California.

                                        /s/ YESENIA GARCIA PEREZ
                                        YESENIA GARCIA PEREZ

4881-7150-0040.1 / 068119-2305

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DECLARATION OF YESENIA GARCIA
PEREZ ISO DEFENDANT REPUBLIC
SERVICES, INC.'S NOTICE TO FEDERAL
COURT OF REMOVAL

3

CASE NO.

# EXHIBIT A

DARCI E. BURRELL, State Bar No. 180467
darci@levyvinick.com
LEVY VINICK BURRELL HYAMS LLP
180 Grand Avenue, Suite 1300
Oakland, CA 94612
Tel.:  (510) 318-7700
Fax:  (510) 318-7701

Attorneys for Plaintiff Allison Hokoana

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/02/2021 at 12:55:04 PM**
By: Cheryl Clark, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| ALLISON HOKOANA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REPUBLIC SERVICES, INC. and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 21CV001519<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br><br><br><br>JURY TRIAL DEMANDED |

## I.　　NATURE OF THE ACTION

1.　　This is an individual action brought by an employee against her former employer, Republic Services, Inc., alleging violation of the California Fair Employment and Housing Act ("FEHA").  Specifically, Plaintiff Allison Hokoana alleges that Defendant violated the law by subjecting her to discrimination, harassment and retaliation in violation of the FEHA.  Plaintiff also alleges a claim for retaliation in violation of California Labor Code section 1102.5.

## II.　　PARTIES

2.　　Plaintiff Allison Hokoana is, and at all material times was, a resident of San Joaquin County, California.

3.　　Upon information and belief, Defendant Republic Services, Inc. is a corporation incorporated in Delaware, with principal executive offices in Phoenix, Arizona.  Plaintiff worked for

1    Defendant in Fremont, California.

2        4.      In addition to the Defendants named above, Plaintiff sues fictitiously Defendants DOES

3    1 through 10, inclusive, pursuant to Code of Civil Procedure § 474, because their names, capacities,

4    status, or facts showing them to be liable are not presently known.  Plaintiff is informed and believes,

5    and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for

6    the occurrences herein alleged, and such Defendants caused Plaintiff's damages as herein alleged.

7    Plaintiff will amend this complaint to show their true names and capacities, together with appropriate

8    charging language, when such information has been ascertained.

9        5.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was

10    at all times relevant here the agent, servant, employee, and/or representative of the other Defendants

11    and was acting, at least in part, within the course and scope of such relationship and that each and

12    every Defendant herein is jointly and severally responsible and liable to Plaintiff for the damages

13    hereinafter alleged.

### III.    JURISDICTION AND VENUE

15        6.      This Court has jurisdiction over Plaintiff's claims pursuant to California Government

16    Code section 12965.  Venue is proper in this Court pursuant to Section 12965 because the unlawful

17    practices set forth herein are alleged to have been committed in Alameda County.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

19        7.      On or about September 9, 2021, Plaintiff filed a timely charge of discrimination with

20    the California Department of Fair Employment and Housing ("DFEH").  The DFEH issued a right-to-

21    sue letter on this charge on September 9, 2021.  A copy of the complaint and of the notice of right-to-

22    sue is attached hereto as Exhibit A.

### V.    FACTUAL ALLEGATIONS

24        8.      Plaintiff Allison Hokoana worked for Defendant as an Operations Supervisor from

25    February 15, 2016 until she was terminated on or about March 2, 2021.  She was the only female

26    Operations Supervisor at her work location.

27        9.      Throughout Ms. Hokoana's employment with Defendant, she was repeatedly subjected

28    to unequal treatment in comparison to the male supervisors.  Ms. Hokoana was required to perform

more work – including work that should have been performed by other supervisors and managers.  The other supervisors were not required to perform extra work, and, upon information and belief, the male supervisor hired to replace Ms. Hokoana has not been required to perform extra work either.  Yet Ms. Hokoana was held to a stricter standard.  She was repeatedly disciplined for mistakes despite her increased workload and when other supervisors were not disciplined for similar mistakes.

10.     For example, in December 2018, Defendant disciplined Ms. Hokoana for "inappropriate/unprofessional language/joking" with her subordinates even though she did not behave or speak any differently in the workplace than other, male employees.  A driver, Scott Rouse, accused Ms. Hokoana of "aggressively" approaching not him but other drivers, using foul language, and "verbally assaulting" them.  Ms. Hokoana denied that she had disrespected drivers.  She acknowledged that she swore, raised her voice to be heard and joked around, just as her three male fellow supervisors did.  Ms. Hokoana asked who was accusing her and not the other supervisors, but neither her supervisor, L.C. Parker, nor Human Resources could tell her what she had allegedly said, when she had said it, and to whom she had supposedly made the comments. Ms. Hokoana pointed out that the male supervisors directly confronted and verbally insulted drivers, just as she was being accused of doing, and was informed that she would need to start documenting any things she heard that were inappropriate or offensive.  As far as Ms. Hokoana is aware, Defendant took no action to investigate whether other supervisors engaged in the conduct of which she had been accused, and she was never provided with details regarding her alleged transgressions.

11.     Subsequently, in March 2019, the same driver who accused Ms. Hokoana of verbally assaulting drivers, Scott Rouse, yelled at her when she assigned the lowest seniority driver to a route the driver did not want, telling her that she could not do that.  When Ms. Hokoana attempted to explain that this driver was the only one qualified to drive a particular truck, Mr. Rouse continued to raise his voice to her and tell her that the driver did not have to do the work she had assigned.  Since this was the same person who had complained about how Ms. Hokoana spoke to people, she stayed quiet and informed him that he could file his complaint with the Operations Manager or file a grievance. Ms. Hokoana reported the incident to her supervisor and Human Resources but received no response.

12.     In May 2019, Defendant also disciplined Ms. Hokoana for ostensibly not responding to

a driver incident in March 2019.  The driver in question, however, was a direct report of another supervisor, Dan Lydon, who was supposed to be at work but had left the facility without telling her.  Ms. Hokoana was the backup to the Operations Manager, who was not on site, and she was therefore responsible for handling payroll for the entire operations team and ensuring that all the relevant information had been entered into the payroll system.  Ms. Hokoana understood that for everyone to be paid on time, she needed to enter all the information by 10:00 a.m. Arizona time.  When the dispatcher contacted Ms. Hokoana and told her she needed to respond to a driver incident, she asked him to call a third Operations Supervisor who was on his way in and also asked him if he had called Mr. Lydon.  The dispatcher informed her that Mr. Lydon had told him that Ms. Hokoana needed to respond.  A few minutes later, Ms. Hokoana contacted the dispatcher and asked if she still needed to go, and he told her that Mr. Lydon was on his way.  Two months later, Ms. Hokoana received a write up for not responding to the driver's call.

13.      Mr. Lydon regularly left the facility when he was supposed to be working, leaving Ms. Hokoana alone to handle the morning crew, often without telling her.  His direct reports would therefore contact Ms. Hokoana, requiring her to deal with them as well as her own crew, on top of the other extra work Defendant had assigned her.  Mr. Lydon would also frequently refuse to answer his phone.  As a result, his drivers would call Ms. Hokoana.  Mr. Lydon would sometimes be sitting right next to her and treat her like an answering service, telling her to let the driver know he would call them back.  Defendant, however, would criticize Ms. Hokoana for not answering the phone right away.  Ms. Hokoana reported to her supervisor that Mr. Lydon regularly disappeared during working hours, leaving her to supervise his crew and yet nothing was done.

14.      In approximately December 2019, Ms. Hokoana's then-supervisor, L.C. Parker, announced that he was relocating to another location and asked to teach her additional responsibilities to cover for him until his replacement was selected.  Ms. Hokoana consequently became responsible for his daily reports, ordering safety supplies, replacing and ordering new phones and radios for the drivers, ordering equipment, as well as other job duties that had been performed by Mr. Parker.  Although other employees were assigned to complete some of these projects, the responsibility fell entirely on Ms. Hokoana.  As far as Ms. Hokoana is aware none of her co-workers were criticized or

disciplined for failing to complete these projects.  When the new Operations Manager, Jesse Galicia, was hired, she continued to perform many of these duties as Mr. Galicia began to slowly take them over.  Ms. Hokoana, however, continued to do payroll for all the operations personnel until the system changed and all Operations Supervisors were required to be responsible for their own drivers. Ms. Hokoana was still responsible for training the other supervisors regarding how to use the system and how to keep attendance for the drivers in compliance with the Collective Bargaining Agreement, resulting in her working 12 to 15 hour days on a regular basis.

15.     In March 2020, the residential shop steward, Joel Nevarez, confronted Ms. Hokoana aggressively and yelled at her when he disagreed with her decision to send lower casual pool drivers home with no pay because there was not enough work for them.  She tried to explain that she was following instructions she'd received from her superiors, but he continued to yell at her and to give the drivers instructions contrary to those from Ms. Hokoana.  When Mr. Galicia came in later that morning, Ms. Hokoana reported to him what had happened.  Upon information and belief, the dispatcher also contacted Human Resources regarding the incident because this was not the first time Mr. Nevarez had verbally attacked Ms. Hokoana or someone else.  Yet Ms. Hokoana received no response from either Mr. Galicia or Human Resources in response to her report.

16.     In September 2020, Defendant gave Ms. Hokoana a "Last Chance Agreement." Previously, Ms. Hokoana had received an email from the insurance company, forwarding pictures from a customer who claimed that one of Defendant's drivers had damaged a gate several months previously.  Ms. Hokoana recognized one of her drivers in the pictures and asked Mr. Galicia how she should handle it.  He told her to just get the claim in the system, identifying the driver and to get his statement about what happened later.  Ms. Hokoana did as she was instructed but when she followed up with the driver, he told her it was not him but another driver.  Upon information and belief, Mr. Lydon, Mike Daniels, and John Groenwold had all made mistakes in entering claims under the wrong name and yet had not been disciplined.

17.     During the disciplinary meeting regarding the Last Chance Agreement, Mr. Galicia criticized Ms. Hokoana for allowing drivers to "goad" her into a reaction.  Mr. Galicia stated that he knew the drivers purposely tried to get Ms. Hokoana to do or say something in anger.  The General

Manager, Steve Viamari, agreed with Mr. Galicia and acknowledged aloud that he knew the drivers did that.  The Human Resources representative was present when these statements were made, but Defendant took no action – nor had it taken any action in the past – to address how Ms. Hokoana was treated by her male co-workers, aside from placing responsibility on her not to be provoked.

18.     In January 2021, Ms. Hokoana was off work for a few days.  When she returned to work, Mr. Lydon informed her that one of her drivers had an accident that caused severe damage to the truck.  He told her that the General Manager wanted the driver written up and that she had to do it.  Ms. Hokoana protested that because she had not been at work, she did not know what the investigation revealed and had none of the details.  Mr. Lydon indicated that he did not report the damage and did not conduct a full investigation.  Ms. Hokoana reported all of this to Mr. Galicia.  Upon information and belief, Mr. Lydon was not disciplined for these events.

19.     Ms. Hokoana's decisions were constantly questioned and challenged by the drivers in a manner and with a frequency the other Operation Supervisor's decisions were not.  Management knew of this and, rather than messaging support for Ms. Hokoana as the only female Operations Supervisor, they would participate in undermining her authority.

20.     Throughout Ms. Hokoana's employment, she was also routinely subjected to derogatory comments and rumors about her relationships with other employees.  Whenever Ms. Hokoana was off work, she would subsequently learn of rumors circulated about her absence.  When, for example, she had a medical leave in October and November of 2020, she learned that drivers were speculating that she was taking care of a driver who was out for baby bonding leave, out taking care of another driver who was recovering from surgery, out having plastic surgery, or out having the secret baby of one of the drivers.  During another medical leave, she learned that Dan Lydon was telling other employees that she was taking care of a driver recovering from surgery.  From the beginning of her employment, Ms. Hokoana's co-workers, including other supervisors, also teased her mercilessly about a driver who supposedly was in love with her.  They would tell her that he watched her "ass" every time she walked by, would get excited when she bent over or gave him attention, and had sexual fantasies about her.  When he started dating someone, they would ask her if she was heartbroken and tell her not to be jealous.  The teasing continued until Ms. Hokoana left the

company.  Anytime Ms. Hokoana did a ride along with a driver, she heard claims that she was having sex with them in the truck.  There were also rumors circulated that Ms. Hokoana was having sex with several drivers.  Ms. Hokoana brought these rumors to the attention of her supervisor, L.C. Parker, but he took no action and discouraged her from complaining further.

21.     Ms. Hokoana also brought potentially fraudulent activity by her co-workers to Defendant's attention.  In December 2018, she was informed by several drivers that illegal "roll off" boxes were sitting on sites in Union City, Fremont, and the Newark area.  The boxes were apparently not being paid for but were being emptied by someone within the company.  The drivers reported that another Operations Supervisor was having his drivers set up and deliver boxes to people who were not paying the company for them and that he had been doing so for years.  Ms. Hokoana reported this information to her supervisor and to Human Resources.  Shortly after this, she was accused of yelling and cursing at the drivers.  A few weeks before her termination, Ms. Hokoana also reported another instance of a driver who appeared to be performing work for someone who was not paying the company.

22.     From February 22 to February 27, 2021, Ms. Hokoana was out sick.  On February 27, 2021, a driver informed her that a rumor was going around that she was going to be fired. Ms. Hokoana contacted Mr. Galicia to complain about the harassment she faced while employed by Defendant, including her inability to take a sick day without some kind of rumor being circulated about her.  She told him that she wanted to make an official harassment complaint.

23.     When Ms. Hokoana returned to work in March 1, 2021, a driver approached her and told her that he had heard the rumor that she was being terminated.  The driver told her that he heard the rumor from another driver who had not been with the company in more than a year.  Later in the morning, another driver approached and told her that he had also heard the rumor.

24.     On March 2, 2021, Ms. Hokoana learned that the rumors were true.  In a meeting with her supervisor, the General Manager, and a Human Resources Representative, she was terminated for poor performance.  She did not receive her final paycheck at that time and instead received it two days later.

//

## VI.   FIRST CAUSE OF ACTION
### Discrimination Based on Gender
**In Violation of California Fair Employment and Housing Act ("FEHA")**
**[Cal. Gov. Code §12940(a)]**

25.     Plaintiff realleges and incorporates by reference the foregoing, as though fully set forth herein.

26.     At all times material to this complaint, Plaintiff was an employee of Defendant.

27.     Defendant is an employer within the meaning of the FEHA.

28.     As set forth and described above, Defendant terminated Plaintiff's employment and treated her differently from her male co-workers with respect to the terms and conditions of her employment, including, but not limited to, subjecting her to disparate discipline.

29.     Plaintiff's gender was a substantial motivating reason for Defendant's conduct.

30.     As a direct and further proximate result of the above violations of her rights, Plaintiff has suffered damages in the form of past and future wage loss, other pecuniary losses, and emotional distress in an amount to be proven at trial.

31.     As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees and costs.

32.     Defendant did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the rights and safety of Plaintiff, and/or with an improper and evil motive amounting to malice.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

WHEREFORE, Plaintiff requests relief as set forth below.

## VII.   SECOND CAUSE OF ACTION
### Harassment Based on Gender
**In Violation of California Fair Employment and Housing Act ("FEHA")**
**[Cal. Gov. Code §12940(j)]**

33.     Plaintiff realleges and incorporates by reference the foregoing, as though fully set forth herein.

34.     At all times material to this complaint, Plaintiff was an employee of Defendant.

35.     Defendant is an employer within the meaning of the FEHA.

36.     California Government Code §12940(j), prohibits an employer from harassing an employee on the basis of her gender.

37.     The above-described actions and omissions of Defendant described above constitute harassment of Plaintiff on account of her gender.  This harassment included, but was not limited to the following:  making sexual comments about Plaintiff, attempting to provoke Plaintiff to anger, and spreading rumors about Plaintiff's sex life.

38.     Plaintiff was subjected to working in a severe, persistent or pervasively hostile work environment, which interfered with her work performance, denied her employment privileges, and adversely affected the terms and conditions of her job on the basis of her gender.

39.     The harassing conduct to which Plaintiff was subjected was so severe, widespread or persistent that a reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

40.     Plaintiff considered the work environment to be hostile or abusive.

41.     As a direct and further proximate result of the above violations of her rights, Plaintiff has suffered damages in the form of past and future wage loss, other pecuniary losses, and emotional distress in an amount to be proven at trial.

42.     As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

43.     Defendant did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the rights and safety of Plaintiff, and/or with an improper and evil motive amounting to malice.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

WHEREFORE, Plaintiff requests relief as set forth below.

## VIII.   THIRD CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

44.     Plaintiff realleges and incorporates by reference the foregoing, as though fully set forth herein.

45.     Defendant's actions in terminating Plaintiff under the circumstances alleged herein

violate the fundamental policies of the State of California embodied, among elsewhere, in the FEHA. Defendant's conduct in terminating Plaintiff under these circumstances constitutes a wrongful termination in violation of public policy.

46.     As a direct and further proximate result of the above violations of her rights, Plaintiff has suffered damages in the form of past and future wage loss, other pecuniary losses, and emotional distress in an amount to be proven at trial.

47.     As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, and costs.

48.     Defendant did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the rights and safety of Plaintiff, and/or with an improper and evil motive amounting to malice.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

WHEREFORE, Plaintiff requests relief as set forth below.

### IX.    FOURTH CAUSE OF ACTION
**Failure to Prevent Harassment, Discrimination, or Retaliation**
**[Cal. Gov. Code §12940(k)]**

49.     Plaintiff realleges and incorporates by reference the foregoing, as though fully set forth herein.

50.     At all times material to this complaint, Plaintiff was an employee within the meaning of the FEHA.

51.     Defendant is an employer within the meaning of the FEHA.

52.     California Government Code § 12940 (k) requires employers to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring.

53.     Plaintiff was subjected to discrimination and harassment.

54.     Defendant failed to take all reasonable steps to prevent discrimination and/or harassment from occurring.

55.     As a direct and further proximate result of the above violations of her rights, Plaintiff has suffered damages in the form of past and future wage loss, other pecuniary losses, and emotional distress in an amount to be proven at trial.

56.     As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

57.     Defendant did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the rights and safety of Plaintiff, and/or with an improper and evil motive amounting to malice.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

WHEREFORE, Plaintiff requests relief as set forth below.

## X.     FIFTH CAUSE OF ACTION
### Failure to Pay Wages in a Timely Manner
### [Cal. Labor Code § 201 and 203]

58.     Plaintiff realleges and hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

59.     Labor Code section 201 requires an employer to pay an employee all wages earned and unpaid immediately at the time of discharge.

60.     Labor Code section 203 provides that if an employer willfully fails to pay all compensation due promptly upon separation, as required by Sections 201, the employer shall be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

61.     Defendant willfully failed to pay Plaintiff all compensation due to her immediately upon her discharge.

62.     As a result of Defendant's unlawful conduct as alleged herein, Plaintiff has sustained economic damages, including, but not limited to, unpaid wages and lost interest in an amount to be determined at trial.

63.     Plaintiff is thus entitled to recover an additional sum pursuant to Labor Code sections 201 and 203 equal to a day's wages for each of thirty (30) days, plus interest, plus attorneys' fees and costs.

WHEREFORE, Plaintiff requests judgment as is further set forth below.

## XI.     SIXTH CAUSE OF ACTION
### Retaliation
### [Violation of Labor Code §1102.5]

64.     Plaintiff realleges and hereby incorporates by reference the foregoing paragraphs, as

though fully set forth herein.

65.     At all times applicable to this action, the provisions of Labor Code section 1102.5 was in full force and effect.

66.     California Labor Code section 1102.5 prohibits retaliation against an employee who makes a complaint about a violation of law to an employee with authority to investigate, discover, or correct the violation. It further prohibits retaliation against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

67.     As set forth above, Plaintiff reported conduct by her co-workers that she reasonably believed to be in violation of the law, including but not limited to California Penal Code sections 484 and 487.

68.     As a result of her reports of behavior she believed reasonably believed to be illegal, Plaintiff was subjected to harassment by her co-workers and terminated.

69.     As a result of the Defendant's violations of his rights, Plaintiff has suffered, and continues to suffer, damages, as set forth above.

WHEREFORE, Plaintiff requests judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     Compensatory damages, including but not limited to wages, earnings, and other compensation, according to proof, and interest on these amounts;

2.     For a declaratory judgment that Defendant has violated the California Fair Employment and Housing Act, California Labor Laws and public policy, as alleged herein;

3.     For a permanent and mandatory injunction prohibiting Defendant, its officers, agents, employees, affiliated companies, and all those working in concert with them, from committing future violations of the laws and public policies described herein;

4.     Attorneys' fees and costs pursuant to Government Code Section 12965, 1102.5(j), and any other applicable statute;

5.     For punitive damages in an amount to be determined according to proof;

6.      Costs of suit;

7.      For such other and further relief as the Court deems just and proper.

DATED:  November 1, 2021                    LEVY VINICK BURRELL HYAMS LLP

By: _____
                    Darci E. Burrell
          Attorneys for Plaintiff Allison Hokoana

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for each and every claim for which she has a right to jury trial.

DATED: November 1, 2021                    LEVY VINICK BURRELL HYAMS LLP

By: _____
        Darci E. Burrell
        Attorneys for Plaintiff Allison Hokoana

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 9, 2021

RE:   **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202109-14709309
       Right to Sue: Hokoana / Republic Services

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

September 9, 2021

Allison Hokoana
21 Laguna Drive
Tracy, California 95376

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202109-14709309
Right to Sue: Hokoana / Republic Services

Dear Allison Hokoana:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 9, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Allison Hokoana                                                                DFEH No. 202109-14709309

                                            Complainant,

vs.

Republic Services
3260 Blume Drive, Ste. 200
Richmond, California 94806

                                            Respondents

_____

**1.** Respondent **Republic Services** is an **employer Republic Services** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Allison Hokoana**, resides in the City of **Tracy**, State of **California**.

**3.** Complainant alleges that on or about **March 2, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual harassment-hostile environment.

**Complainant was discriminated against** because of complainant's sex/gender, sexual harassment- hostile environment and as a result of the discrimination was terminated, reprimanded, denied any employment benefit or privilege, other.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, denied any employment benefit or privilege, other.

**Additional Complaint Details:** During her employment with Respondent, Ms. Hokoana was the only female Operations Supervisor at her work location.  Throughout her employment, she was repeatedly subjected to unequal treatment in comparison to the other, male,

Date Filed: September 9, 2021

1   supervisors, including, but not limited to, being held to different standards, being subjected
2   to disparate discipline, and being required to perform additional duties not required from her
    co-workers.  Ms. Hokana was also subjected to harassment by her co-workers, including,
    but not limited to hostility, sexual comments, and rumors regarding Ms. Hokoana's personal
3   and romantic life.  Ms. Hokoana raised concerns about these issues to her direct supervisor,
    who discouraged her from taking further action.  Additionally, other members of
4   management admitted knowing that Ms. Hokana's co-workers attempted to provoke her but
    took no action.  On or around March 2, 2021, Ms. Hokoana was terminated, directly as a
5   result of the disparate treatment to which she had regularly been subjected.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-2-
*Complaint – DFEH No. 202109-14709309*

28

Date Filed: September 9, 2021

1    VERIFICATION

2    I, **Darci E. Burrell**, am the **Attorney** in the above-entitled complaint.  I have read the
3    foregoing complaint and know the contents thereof.  The matters alleged are based
     on information and belief, which I believe to be true.

4
     On September 9, 2021, I declare under penalty of perjury under the laws of the State
5    of California that the foregoing is true and correct.

6                                                                    **Oakland, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                          -3-
                          *Complaint – DFEH No. 202109-14709309*
28
     Date Filed: September 9, 2021

POS-010

| | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

December 17, 2021

ProLegal Reg#: 2017025418 fax

Darci E. Burrell | SBN: 180467
LEVY VINICK BURRELL HYAMS LLP
180 Grand Avenue - Suite 1300  Oakland , CA 94612

TELEPHONE NO.: (510) 318-7700 | FAX NO. (510) 318-7701 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff: Allison Hokoana

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**01/03/2022 at 09:44:38 AM**
By: Anthony Zapotoczny, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA - COUNTY OF ALAMEDA**

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, CA 94612

BRANCH NAME: Rene C. Davidson - Northern Division

PLAINTIFF:  ALLISON HOKOANA,

DEFENDANT:  REPUBLIC SERVICES, INC.

CASE NUMBER:

21CV001519

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
Allison Hokoana v. Republic Servi

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Civil Case Cover Sheet Addendum; Notice of Case Assignment; Notice of Hearing**

3. a.  Party served *(specify name of party as shown on documents served)*:
   **REPUBLIC SERVICES, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **JESSIE GASTELUM - c/o CT CORPORATIN SYSTEM (Registered Agent - Authorized to Accept)**

4. Address where the party was served:  **330 NORTH BRAND BOULEVARD - SUITE 700**
   **GLENDALE, CA 91203**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **12/16/2021**   (2) at *(time):* **10:11 AM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*  **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/2941358

| PETITIONER: ALLISON HOKOANA, | CASE NUMBER: |
|---|---|
| RESPONDENT: **REPUBLIC SERVICES, INC.** | **21CV001519** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **REPUBLIC SERVICES, INC.**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Gustavo Gonzalez - ProLegal Reg#: 2017025418**

b. Address: **P.O. Box 54846  Los Angeles, CA 90054**

c. Telephone number: **(888) 722-6878**

d. **The fee** for service was: **$ 142.28**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

        (i) ☐ owner   ☑ employee    ☐ independent contractor.

        (ii) Registration No.: **6461**

        (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/17/2021**

**ProLegal Reg#: 2017025418**
**P.O. Box 54846**
**Los Angeles, CA 90054**
**(888) 722-6878**
**http://www.prolegalnetwork.com**

_____
**Gustavo Gonzalez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

# EXHIBIT B

1    GREGORY G. ISKANDER, Bar No. 200215
     giskander@littler.com
2    YESENIA GARCIA PEREZ, Bar No. 264880
     ygarciaperez@littler.com
3    LITTLER MENDELSON, P.C.
     Treat Towers
4    1255 Treat Boulevard, Suite 600
     Walnut Creek, California 94597
5    Telephone:   925.932.2468
     Fax No.:     925.946.9809
6
     Attorneys for Defendant
7    REPUBLIC SERVICES, INC.

8

9

10

11                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                              COUNTY OF ALAMEDA

13

14   ALLISON HOKOANA,                        Case No.  21CV001519

15              Plaintiff,                    **DEFENDANT REPUBLIC SERVICES,
                                              INC.'S ANSWER TO PLAINTIFF**
16        v.                                  **ALLISON HOKOANA'S COMPLAINT**

17   REPUBLIC SERVICES, INC. and DOES 1-      Complaint Filed:  Nov. 2, 2021
     10, inclusive,                           Trial Date:       Not applicable
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

Defendant REPUBLIC SERVICES, INC. ("Defendant" or "Republic")[1] hereby responds to the unverified Complaint ("Complaint") filed by ALLISON HOKOANA ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and denies the Complaint as a whole as it relates to Defendant.  Defendant further denies, generally and specifically, that Plaintiff has been injured in any amount by reason of any act or omission of Defendant or by anyone acting on Defendant's behalf or at their direction. Defendant further generally and specifically denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving or excusing any of Plaintiff's own burdens of proof and production of evidence, Defendant alleges the following separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint, and reserves the right to assert additional affirmative defenses in the future:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief may be granted and/or fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the equitable doctrine of waiver.

---

[1] Defendant maintains that Plaintiff never worked for Republic Services, Inc. but was instead employed by Allied Waste Services of North America, LLC d/b/a Allied Waste Services of Alameda County / Republic Services of Alameda County.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2

DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO
PLAINTIFF ALLISON HOKOANA'S COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

3.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the equitable doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the equitable doctrine of consent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

7.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and California Business and Professions Code section 17208.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO
PLAINTIFF ALLISON HOKOANA'S COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

**(Legitimate Bases for Employment Decision)**

8.      As a separate and distinct affirmative defense, Defendant alleges that employment decisions regarding Plaintiff were made for legitimate, non-discriminatory reasons.

**NINTH AFFIRMATIVE DEFENSE**

**(No Violation of Public Policy)**

9.      As a separate and distinct affirmative defense, Defendant alleges, that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, because Defendant did not violate any public policy.

**TENTH AFFIRMATIVE DEFENSE**

**(Doctrine of After-Acquired Evidence)**

10.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred by the doctrine of after-acquired evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Business Necessity, Lawful Business Reasons, and/or Legitimate Business Purpose)**

11.      As a separate and distinct affirmative defense, Defendant alleges, without admitting that it engaged in any of the acts or omissions alleged in the Plaintiff's Complaint, that any such acts or omissions were undertaken by reason of business necessity, for lawful business reasons, and/or for legitimate, non-discriminatory and non-retaliatory business purposes which were necessary to the efficient operation of the business.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Defendant Acted in Good Faith and With Good Cause)**

12.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred in whole or in part, because good cause existed for each and every action taken by Defendant with respect to Plaintiff's application and Defendant acted reasonably and in good faith at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO
PLAINTIFF ALLISON HOKOANA'S COMPLAINT

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Outside Course and Scope)**

13.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred because, assuming *arguendo* that any employee engaged in any unlawful conduct, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendant and/or Defendant did not know nor should it have known of such conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Notice or Knowledge))**

14.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred because Defendant had no notice or knowledge of any alleged discriminatory, retaliatory, or unlawful conduct toward Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Damages or Loss Proximately Caused by Plaintiff)**

15.      As a separate and distinct affirmative defense, Defendant alleges that any damage or loss sustained by Plaintiff was proximately caused by Plaintiff's own actions or inactions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

16.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from obtaining any recovery against Defendant by reason of his failure to mitigate her alleged damages, if any, or, alternatively, any damages relief awarded to Plaintiff must be reduced or limited to the extent of such failure to mitigate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Emotional Distress Caused by Other Factors)**

17.      As a separate and distinct affirmative defense, Defendant allege that the Complaint and each cause of action set forth therein, is barred in whole or in part because assuming *arguendo* that Plaintiff suffered any emotional distress (which Defendant denies), such emotional distress was proximately caused by factors other than the actions of Defendant or anyone acting on its

5

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO
PLAINTIFF ALLISON HOKOANA'S COMPLAINT

behalf or in its employ.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

18.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred to the extent that Plaintiff failed to properly and fully and timely invoke and/or exhaust the administrative remedies available to her.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Same Determination)

19.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred because to the extent an unlawful discriminatory or retaliatory motive, if any, existed in connection with any employment decision involving Plaintiff (which Defendant denies), such employment decision would have been the same even without such allegedly unlawful discriminatory or retaliatory motive.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Discriminatory or Retaliatory Intent)

20.     As a separate and distinct affirmative defense, Defendant allege that the Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory or retaliatory intent as Defendant's alleged actions were based on a legitimate non-discriminatory and non-retaliatory reason.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Preclusion)

21.     As a separate and distinct affirmative defense, Defendants allege each and every cause of action set forth in the Complaint is barred, in whole or in part, by the doctrine of collateral estoppel and/or res judicata.

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6

DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO
PLAINTIFF ALLISON HOKOANA'S COMPLAINT

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Employment Relationship)

22.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff was not employed by Defendant, nor did Defendant control Plaintiff's day to day work.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity Rule)

23.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, including claims for emotional injury set forth therein, are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code sections 3500 *et seq.*, and California Labor Code section 132a, in that: (1) the injuries complained of allegedly occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his employment and was acting within the course and scope of her employment; (3) Plaintiff alleges that the injuries were caused by her employment; (4) Plaintiff's employment was covered by workers' compensation; and (5) Defendant paid the entire costs for that coverage.  Accordingly, this Court lacks subject matter jurisdiction over said claims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (At Will Employment)

24.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint is barred because Plaintiff was an at-will employee with no entitlement to continued employment pursuant to section 2922 of the California Labor Code and/or Defendant's personnel policies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset)

25.     As a separate and distinct affirmative defense, Defendants allege that if Plaintiff is judged to be entitled to any recovery, any award must be offset by all sums received by Plaintiff from any source including, but not limited to, unemployment insurance, private insurance, state disability insurance, Social Security disability payments, workers' compensation payments, and/or

7

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO
PLAINTIFF ALLISON HOKOANA'S COMPLAINT

other monies and/or benefits Plaintiff has received or will receive.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Arbitration Agreement Bars Bringing Suit)

26.     As a separate and distinct affirmative defense, to the extent that Plaintiff has agreed to arbitrate any or all of the purported claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the claims should be dismissed and/or stayed and Plaintiff should be compelled to arbitrate.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Mistake of Fact, Fraud, and Misrepresentation)

27.     As a separate and distinct affirmative defense, Defendant alleges any complained of conduct was induced by mistake of fact, fraud, and/or misrepresentations by others, including but not limited to, Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (No Intentional Labor Code 203 Violation)

28.     As a separate and distinct affirmative defense, Defendant alleges that assuming arguendo that Plaintiff was not timely paid all final wages under Labor Code section 201, then penalties under Labor Code section 203 are not appropriate as the delay in payment was due to an honest mistake in law or fact.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (No Attorney's Fees for Labor Code Section 203 Penalties)

29.     As a separate and distinct affirmative defense, Defendant alleges that assuming arguendo that Plaintiff was not timely paid all final wages under Labor Code section 201, attorney's fees may not be recovered under Labor Code section 203 since all wages were paid before the instant litigation commenced.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Failure to State A Claim for Punitive or Exemplary Damages)

30.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim for punitive or exemplary damages.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Punitive Damages are Unconstitutional)**

31.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Knowledge or Ratification Justifying Punitive Damages)**

32.     As a separate and distinct affirmative defense, Defendant alleges that, without admitting any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claim for punitive damages is barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification, or act of oppression, fraud, or malice on the part of an officer, director, or managing agent of the corporation.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Prejudgment Interest)**

33.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Failure to State a Claim for Attorneys' Fees)

3       34.     As a separate and distinct affirmative defense, Defendant alleges that the

4    Complaint fails to properly state a claim upon which attorneys' fees may be awarded.

5

### RESERVATION OF ADDITIONAL DEFENSES

6           Defendant does not presently know all the facts concerning the conduct of Plaintiff

7    sufficient to state all affirmative defenses at this time.  Defendant reserves the right to amend this

8    Answer should it later discover facts demonstrating the existence of new and/or additional affirmative

9    defenses, and/or should a change a law in the law support the inclusion of new and/or additional

10   affirmative defenses.

### PRAYER

11

12           WHEREFORE, Defendant prays for judgment in Republic's favor and against Plaintiff

     as follows:

13

14       1.     That the Complaint be dismissed in its entirety with prejudice;

15       2.     That Plaintiff take nothing by virtue of this action;

16       3.     That judgment be entered in favor of Defendant;

17       4.     That Defendant be awarded attorneys' fees and costs of suit incurred herein;

     and

18

19       5.     For such other and further relief as the Court may deem proper.

20   Dated: January 12, 2022

21                                              LITTLER MENDELSON, P.C.

22

23                                              _____
                                                GREGORY G. ISKANDER
24                                              YESENIA GARCIA PEREZ

25                                              Attorneys for Defendant
                                                REPUBLIC SERVICES, INC.

26   4863-3629-5176.3 / 068119-2305

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO
PLAINTIFF ALLISON HOKOANA'S COMPLAINT

**POS-040**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 200215; 264880<br>NAME: GREGORY G. ISKANDER;YESENIA GARCIA PEREZ<br>FIRM NAME: LITTLER MENDELSON, P.C.<br>STREET ADDRESS: 1255 Treat Boulevard, Suite 600<br>CITY: Walnut Creek                         STATE: CA        ZIP CODE: 94597<br>TELEPHONE NO.: 925.932.2468                 FAX NO.: 925.946.9809<br>E-MAIL ADDRESS: giskander@littler.com; ygarciaperez@littler.com<br>ATTORNEY FOR (name): Defendant REPUBLIC SERVICES, INC. | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>01/12/2022 at 12:30:45 PM<br>By: Dajuana Turner, Deputy Clerk |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: René C. Davidson Courthouse | |
| Plaintiff/Petitioner: ALLISON HOKOANA | CASE NUMBER:<br>21CV001519 |
| Defendant/Respondent: REPUBLIC SERVICES, INC. | JUDICIAL OFFICER: |
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service** *(only one):*<br>☐ By Personal Service    ☒ By Mail    ☐ By Overnight Delivery<br>☐ By Messenger Service    ☐ By Fax | DEPARTMENT: |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1.  At the time of service I was over 18 years of age **and not a party to this action**.

2.  My residence or business address is:
    1255 Treat Boulevard, Suite 600, Walnut Creek, CA 94597

3.  ☐   The fax number from which I served the documents is *(complete if service was by fax):*

4.  On *(date):* January 12, 2022        I served the following **documents** *(specify):*

    DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO PLAINTIFF ALLISON HOKOANA'S COMPLAINT

    ☐   The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5.  I served the documents on the **person or persons** below, as follows:
    a.  Name of person served: Darci E. Burrell, Esq.

    b.  ☒     *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*

        Business or residential address where person was served:
        LEVY VINICK BURRELL HYAMS LLP, 180 Grand Avenue, Suite 1300, Oakland, CA 94612, Tel.: (510) 318-7700;
        Fax (510) 318-7701
    c.  ☐     *(Complete if service was by fax.)*
        Fax number where person was served:

        ☐   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6.  The documents were served by the following means *(specify):*
    a.  ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. January 1, 2020] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rule 2.306<br>www.courts.ca.gov |



American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME:<br>ALLISON HOKOANA v. REPUBLIC SERVICES, INC. et al. | CASE NUMBER:<br>21CV001519 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* Walnut Creek, CA

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 12, 2022

Monique Kenner       ► *Monique Kenner*
(TYPE OR PRINT NAME OF DECLARANT)     (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ► _____
(NAME OF DECLARANT)     (SIGNATURE OF DECLARANT)

American LegalNet, Inc.<br>www.FormsWorkFlow.com